# UNITED STATES DISTRICT COURT
for the

Middle District of Georgia

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No: 5:21-CR-00003-008 |
| Vernon Vegas | ) |
| | ) USM No: 04317-004 |
| Date of Original Judgment: January 21, 2022 | ) |
| Date of Previous Amended Judgment: | ) Debra G. Gomez |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO AMENDMENT 821

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☒ the court under Amendment 821 for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission, and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☐ DENIED.   ☒ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of __60__ months **is reduced to** __54 months__.

Vernon Vegas was originally sentenced on January 18, 2022, to a term of 60 months imprisonment. His imprisonment is to be followed by three-year term of supervised release. The Court determined that his total offense level was 17 and his criminal history category was II, which yielded an advisory sentencing range of 27 to 33 months. His criminal history subtotal was 1. Two additional criminal history points were added for being under a criminal justice sentence when he committed the instant Federal offense. Based on retroactive Amendment 821, Part A to the United States Sentencing Guidelines, defendants with seven (7) or more criminal history points receive one point for being under a criminal justice sentence instead of two when he was originally sentenced. In this case, the defendant does not receive an increase of one criminal history point pursuant to the newly created USSG §4A1.1(e), as prior to the application of this guideline, his criminal history subtotal was 1. Therefore, a total of 1 criminal history points would yield a criminal history category I. A total offense level 17 with a criminal history category I, yields an advisory sentencing range of 24 to 30 months.

The Court accepted the parties' stipulation for a six-level upward departure pursuant to USSG §2E3. I, comment. (n. 2(B)) resulting in an advisory guideline sentencing range of 51 to 63 months. Therefore, if granted by the Court, and the same upward departure is considered, the defendant would receive a sentence reduction of 6 months. The Government agrees that a sentence reduction of 6 months is appropriate. The Court has determined a sentence of 54 months is reasonable when considering the 18 U.S.C. 3553(a) factors and is also proportional to the original sentence.

Except as otherwise provided, all provisions of the judgment dated __January 21, 2022__ shall remain in effect.

**IT IS SO ORDERED**.

Order Date: 3/26/24

Effective Date: 4/5/24
*(if different from order date)*

Tilman E. Self, III, U.S. District Judge
*Printed name and title*